UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FARAH ALI AINAN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    2:25-cv-00648-SDN |
| | ) |
| CASA ICF, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON PLAINTIFF'S COMPLAINT**

Plaintiff, who resides in the Republic of Djibouti, commenced this action to obtain information regarding his child, who is disabled and has allegedly been placed with Defendant Casa ICF. (Complaint, ECF No. 1.) According to Plaintiff, the child had been living "there" (which the Court construes as Maine) with the child's mother and grandmother before the child was placed with Defendant Casa ICF. (Complaint at 1.) Plaintiff alleges that he has been unable to obtain from Defendant Casa ICF any information regarding the child's medical condition.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir.

2011).  That is, issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts.  *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005).

Plaintiff has not alleged sufficient facts to establish the Court's jurisdiction over the matter. Under the Hague Convention on the Civil Aspects of International Child Abduction, which was implemented in the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001, et seq., a parent may petition a federal court for the return of a child to "the child's country of habitual residence when the child has been wrongfully removed to or retained in another country." *Golan v. Saada*, 596 U.S. 666, 670 (2022). ICARA, however, "empower[s] courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." *Id*. (quoting 22 U.S.C. § 9001(b)(4)).

Here, Plaintiff does not allege that the child has been wrongfully removed from another country nor wrongfully retained in the United States.  Rather, Plaintiff contends that the child has been placed with an organization that has refused to provide him with information regarding the child.  The issue appears to involve a dispute over access to information rather than the wrongful removal of the child.  The Court lacks jurisdiction under ICARA, therefore, and no other basis for subject matter jurisdiction is apparent from Plaintiff's pleading.

Because Plaintiff has not established the Court's jurisdiction, dismissal of the matter is appropriate.  Given the complexity of the jurisdictional issue, however, before the Court dismisses the matter for lack of jurisdiction, Plaintiff should be afforded the

opportunity to supplement his complaint to provide additional information regarding how the child came to reside in the United States, the circumstances that resulted in the placement of the child with Casa ICF, and the bases for this Court's jurisdiction.

Based on the analysis set forth herein, I recommend the Court dismiss the matter unless within 30 days of the date of this recommended decision, Plaintiff supplements his complaint with information that demonstrates that this Court has jurisdiction over the subject matter of Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court sought, together with a supporting memorandum, within thirty (30) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of January, 2026.